ELIJAH VARNEY, in equity, vs. ISAIAH POPE & another.

*Nuisance—injunction in cases of.*

An injunction will not be granted to stay or prevent a nuisance under R. S., c. 17, unless an indictment, complaint, or action for the nuisance be pending in court.

An injunction will not be granted, under the general equity powers of the court, to restrain a nuisance, unless the complainant's rights have been settled in a suit at law, or long enjoyed without interruption, or unless there is imminent danger that the threatened injury will result in irreparable damage.

BILL IN EQUITY heard on demurrer to the bill.

THE CASE is stated in the opinion.

*J. H. Drummond,* for the complainant.

*S. C. Strout & H. W. Gage,* for the respondents.

APPLETON, C. J.　The complainant in his bill alleges that for more than fifty years last past, he and those under whom he claims, have been the owners, in fee-simple, and have been in possession of a parcel of land in Windham, in the county of Cumberland, with a water-power and mill-privilege thereon, upon Ditch brook, so called, running from Little Sebago pond; that for more than ten years past he has owned in fee-simple, and has been in possession of said parcel of land, having a mill on said privilege; that during this time he has used said mill and privilege for the manufacture of various kinds of lumber, and when not prevented from so doing by the defendants, has used said Ditch brook and the ponds connected therewith for running logs to said mill, and the waters thereof for sawing the same into boxes, shingles, staves, and shooks; that said Ditch brook, if unobstructed, furnishes sufficient water in the spring of each year to enable him to run his logs to his saw-mill, and that, as he has been informed and believes, it has been used for such purposes by those owning mills on it for more than sixty years, etc.

Varney v. Pope.

That during the year 1861 and three years next thereafter, these defendants erected a dam across the waters from which the Ditch brook is supplied, at a point in said Windham called the Ridge, through which the waters of the Little Sebago pond flow in passing into Ditch brook, and from time to time have increased the height of their dam, adding thereto three feet during the past year, whereby they have from time to time entirely obstructed and prevented the flow of water into said Ditch brook, and rendered it impossible for the complainant to operate his mill, and run logs to the same, as he had been accustomed and had a right to do.

That during the spring of every year since, the defendants have kept the gates in said dam closed, and thus prevented the water from flowing through the same, and from operating his mill for three months every year, and the complainant from running logs. to the same; and that in the spring of 1867 the defendants, after having kept their gates closed, and thus prevented the flow of water for a long time, opened the same and caused the water to flow in unusual quantities into said Ditch brook, whereby his mill-pond was overflowed, and his logs were carried away and lost.

That for two months past the defendants have kept the gates in their dam closed, thus keeping back the usual flow of water to the complainant's mill, and preventing him from running logs to his mill and operating the same, and though frequently requested to open said gates, they refuse so to do, and avow their intention to keep them closed, according to their own pleasure, and without regard to the rights of this complainant.

In consideration whereof, inasmuch as he has and can have no adequate remedy at law, and can be relieved and protected in the enjoyment of his rights only in a court of equity, he prays this court to grant a writ of injunction, under the seal of the court, to restrain the defendants, and each of them, and their agents, servants, and workmen, from keeping the gates aforesaid in said dam closed so as to prevent water at all times from passing and flowing through the same, equal in amount to what would flow if no dam had been erected at said place, etc.

The bill is dated April 21, 1871, and the subpœna issued Sept. 10, 1871.

The counsel for the complainant claim that the erection of the dam was a nuisance within R. S., c. 17, § 5, which declares the 'obstructing or impeding, without legal authority, the passage of any navigable river, harbor, or collection of water, . . . shall be deemed nuisances within the limitations and exceptions hereafter mentioned.'

But assuming the dam not to be within the exceptions of § 10, still, as the complainant has not commenced any suit at law, and as there has been no indictment found or complaint made for the nuisance, the bill cannot be maintained under this statute.

By § 16, 'Any court of record, before which an indictment, complaint, or action for a nuisance is pending, may, in any county, issue an injunction to stay or prevent such nuisance, and make such orders and decrees for enforcing or dissolving it, as justice and equity require.' The bill fails to allege the pendency of an indictment, complaint, or action for a nuisance, without which the injunction contemplated by this section cannot issue.

It remains to be seen whether the bill can be sustained under the general equity power conferred on this court 'in cases of nuisance and waste.' Chap. 77, § 5.

By § 7, 'writs of injunction may be issued in cases of equity jurisdiction, and when specially authorized by statute.' The injunction prayed for is not specially authorized by statute. It remains to be considered, whether it is authorized by the general course of procedure in equity cases.

The dam which constitutes the nuisance complained of, was erected in 1861.

'It is not every case which would furnish a right of action against a party for a nuisance, which will justify the interposition of a court of equity to redress the injury or remove the annoyance.' Story, Eq., § 925.

When the alleged nuisance is prospective and threatened, a court of equity may interfere to prevent its being brought into existence.

When what is claimed to be a nuisance already exists, the general rule is, that the fact that it is a nuisance must be established by a suit at common law before a court of equity will interfere to abate. *Porter* v. *Witham*, 17 Maine, 294. It must be a case of imperious necessity, or the right must have been previously established at law or long enjoyed without interruption, to authorize the interposition of the court by injunction. *Jordan* v. *Woodward*, 38 Maine, 423. The same doctrine is held in *Morse* v. *Machias W. P. Co.*, 42 Maine, 119, and *Eastman* v. *Company*, 47 N. H. 71.

More than three years have elapsed since the dam, which constitutes the gravamen of the bill was erected, and in such case the courts of equity refuse to grant relief by injunction, unless the rights of the party complaining have been established at common law. *Dana* v. *Valentine*, 5 Met. 8; *Coe* v. *Winnipiseogee Man. Co.*, 37 N. H. 254; *Parker* v. *Winnipiseogee Lake M. & W. Man. Co.*, 1 Clifford, 247.

That there is no pressing necessity for the interference of the court is abundantly apparent from the delay of the complainant in prosecuting his claim. In the *Birmingham Canal Co.* v. *Lloyd*, 18 Ves. 515, the danger apprehended was of a serious nature, that of draining water from a great reservoir of the canal; yet Lord Eldon refused the injunction, leaving the company 'to take their chance at law,' because they delayed coming to the court till two years after notice from the defendants. 'They must establish their right to damages at law,' said he, 'before I ought to grant this injunction.' In *The Earl of Ripon* v. *Hobart*, 3 M. & K., these views of Lord Eldon received the sanction of the court. A court of equity will not undertake to decide whether a nuisance exists, until the plaintiff shall fully establish his claims at law. *Eastman* v. *Amoskeag Man. Co.*, 47 N. H. 71.

That the damages sustained may be recovered in a suit at law, is obvious. The injury, therefore, is not irreparable. 'To authorize the court's interference by injunction,' remarks Bell, C. J., in *Wason* v. *Sanborn*, 45 N. H. 169, 'there should appear imminent danger of great and irreparable damage, and not of one for which

an action at law would furnish full indemnity. *Bemis* v. *Upham*, 13 Pick. 169; *Van Winkle* v. *Curtis*, 2 Greenl. 422.

*Demurrer sustained. Bill dismissed with costs.*

CUTTING, WALTON, DICKERSON, and DANFORTH, JJ., concurred.