ELIZA HENRY VS. F. M. SHEPHERD et al.

1. PRACTICE: *Right to bring and maintain a suit* in forma pauperis. *Code of 1871, §§ 571, 572.*
   The code of 1871, § 571, authorizes the bringing of suits *in forma pauperis*, and.

a party so bringing his suit has the right to prosecute it to final judgment, and cannot be deprived of the right by a motion for security for costs, under § 572. The former section operates as a proviso on the latter.

:2. SAME: *Claim for excessive damages.*

Though a claim for damages may seem ludicrously, or even maliciously, excessive, it will not prevent such recovery as the plaintiff may show himself entitled to.

Error to the Circuit Court of *Colfax* County.

Hon. J. A. ORR, Judge.

Plaintiff in error brought her suit *in forma pauperis* to the February term, 1875, of the circuit court of Colfax county, against defendant, to recover damages for the wrongful killing of chickens and other poultry, and laid her damages at $5,000. Defendant filed an affidavit to require plaintiff to give security for the costs of suit. This motion was sustained by the court, and a rule of sixty days entered. At the next term of the court the rule was made absolute and the case dismissed, and it comes to this court on a writ of error.

The action of the court in dismissing the case is assigned for error.

*Barry & Brame*, for plaintiff in error:

Cited Hilliard on Rem. for Torts, 441, 442 ; Sedgw. on Damages, 517, 528 ; 40 Miss., 356 ; 43 ib., 111 ; 3 Chitty Pl., 425 ; Code, 1871, § 571.

*Flaniken & Gerdine*, for defendant in error:

Cited Code of 1871, §§ 571, 572 ; Cole *v.* Curtis, 16 Minn., 182 ; Driggs *v.* Burton, 44 Vt., 126.

CHALMERS, J., delivered the opinion of the court.

This suit was dismissed by the circuit judge without plaintiff being allowed to go to the jury. This action was based, and is sought to be upheld, upon two grounds: 1st, that plaintiff failed to give security for costs when thereto required upon affidavit filed; and, 2d, that the declaration did not disclose a just cause of action.

Plaintiff commenced her suit *in forma pauperis* by taking the oath prescribed by § 571 of the Code. Having so commenced it, she was entitled to prosecute it to final judgment,

and cannot be deprived of the right by a motion for security for costs, under § 572. The latter of these sections is modified and controlled by the former, or, in other words, § 571 operates as a proviso on § 572.

The circuit judge had no right to dismiss the suit as showing no just cause of action. The declaration is correctly drawn. The suit was for damages sustained in the willful and wrongful killing, by plaintiff, of defendant's chickens.

The damages are laid at $5,000. This claim of damage seems ludicrously, if not maliciously, excessive, but this will not prevent such recovery as the plaintiff may show herself entitled to, nor does the cause of action fall within the maxim *de minimis non curat lex*.

The cause is reversed and remanded, and writ of *procedendo* awarded.