## TO WHOM A BASTARDY BOND INURES.

Court of Appeals for Crawford County.

STATE, EX REL JENNIE RARICK, V. WILLIAM BAUMAN AND CHRIS BAUMAN.

Decided, March 19, 1915.

*Bastardy—Bond Executed by the Defendant—Inures to the County, Township or Municipal Corporation, and Not to the Mother.*

A bond executed in a proceeding in bastardy, pursuant to Section 12114, General Code, creates no right in favor of the mother of the bastard child, but inures solely to the county, township or municipal corporation in which the proceedings are had, to the end that the public may be saved harmless from charges for the maintenance of such child.

*Edward J. Myers* and *L. C. Feighner*, for plaintiff in error.
*Finley & Gallinger*, contra.

CROW, J.; KINDER, J., and ANSBERRY, J., concur.

Error to Common Pleas Court.

The relator, Jennie Rarick, commenced an action in the Court of Common Pleas of Crawford County, Ohio, by filing a petition against William Bauman and Chris Bauman, containing the following material averments:

That on and prior to June 9, 1908, she was an unmarried woman, and on said date filed a written complaint before a justice of the peace in and for one of the townships within said county, against the defendant, William Bauman, wherein she charged him with being the father of a bastard child of which she had theretofore been delivered; that such proceedings were duly had by and before the said justice of the peace, that on June 10, 1908, said defendant William Bauman was arrested

upon a warrant issued under said complaint, and that he was brought before said justice of the peace; whereupon said cause was regularly and duly compromised by and between said relator and said defendant William Bauman, before said justice of the peace, who duly approved said compromise and entered the same upon his docket in said cause; that in said proceeding, and pursuant to the statute in such case made and provided, defendant William Bauman, together with defendant Chris Bauman and Mrs. Chris Bauman, as sureties, entered into a bond dated June 10, 1908, in the penal sum of $500 payable unto the state of Ohio, which said bond was duly approved by said justice of the peace, whereupon defendant William Bauman was released; that the condition of said bond is as follows:

"The condition of the above obligation is such, that whereas, the above bound William Bauman has been arrested upon a warrant issued by Edward J. Myers, a justice of the peace in and for said county, on the complaint of Jennie Rarick, an unmarried woman, for being the father of a bastard child, of which the said Jennie Rarick has been delivered; and the said William Bauman hath compromised with and satisfied the said Jennie Rarick in the premises, in pursuance of the law. Now, if the said William Bauman shall save every county, township, and municipal corporation within the state free from all charges toward the maintenance of said bastard child, then this obligation to be void; otherwise to remain in full force."

A true copy of such bond is attached to the petition and made a part thereof, the same being in the words and figures:

"Know all men by these presents, that we, William Bauman, Christ Bauman and Mrs. Christ Bauman are held and bound unto the state of Ohio, in the sum of five hundred dollars, for the payment of which we jointly and severally bind ourselves.

"Dated this 10th day of June, 1908.

"The condition of the foregoing obligation is such, that, whereas, the above bound William Bauman has been arrested upon a warrant issued by Edward J. Myers, a justice of the peace in and for said county, on the complaint of Jennie Rarick, an unmarried woman, for being the father of a bastard child, of which the said Jennie Rarick has been delivered; and the said William Bauman hath compromised with and satisfied the said Jennie Rarick in the premises, in pursuance of the law.

"Now, if the said William Bauman shall save every county, township, and municipal corporation within the state free from all charges toward the maintenance of said bastard child, then this obligation to be void; otherwise to remain in full force. Wm. Bauman, Christ Bauman, Mrs. Christ Bauman.

"This bond approved by me this 10th day of June, 1908. Edward J. Myers, J. P."

That since the execution of said bond said Mrs. Christ Bauman has died leaving no estate; that ever since the execution of said bond defendant, William Bauman, has wholly refused, failed and neglected to furnish or contribute to the support, maintenance, care and keeping of said bastard child to whom during the whole of the time subsequent to the execution of said bond, the plaintiff has furnished and supplied necessary food, clothing, shelter and maintenance, the value of which amounts to the sum of $500 and more; that the neglect and refusal of defendant, William Bauman, as aforesaid, has violated and broken the terms and conditions of said bond which has become absolute; that defendant, Christ Bauman, surety as aforesaid, has by reason of said neglect and failure on the part of defendant, William Bauman, become and is now liable to the relator on said bond for the damages which relator has sustained by reason of said neglect and refusal of defendant, William Bauman, to furnish or provide maintenance for said bastard child who is now living.

Defendant, William Bauman, was not served with summons or by publication, nor did he appear in the action.

Defendant, Christ Bauman, demurred to the petition on the grounds: *First,* that plaintiff has not capacity to maintain the action; *second,* that the petition does not state facts sufficient to constitute a cause of action.

The court of common pleas sustained the demurrer, dismissed the petition, and rendered judgment against relator.

By this proceeding in error relator seeks reversal of that judgment.

What are the rights of the complainant in a case in which she has agreed to receive an amount of money or property "in

full satisfaction,'' during the pendency of the case before the justice of the peace, and such agreement shall have been made or acknowledged by both the complainant and the accused in the presence of the justice of the peace who shall have entered a memorandum thereof upon his docket?

Answer must, of course, be found solely in the statutory provisions governing the subject of bastardy. These clearly disclose that all rights of complainant in such proceeding, and the entirety of obligation and consequent liability of the signers of the bond requisite to be given when there has been a compromise effected between her and the accused, and payment or securing of payment of the amount of money or transfer of the property which complainant agrees to receive from the accused in full satisfaction, has been made, were defined and controlled at the time of execution of the bond in issue herein, by Section 5617, Revised Statutes, which is now, with slight changes in phraseology, Section 12114, General Code.

The only liability on the bond thus provided for, rests upon the one condition of saving any county, township or municipal corporation within the state free from all charges for the maintenance of such bastard child, and whenever a bond has been thus given, it must be construed in the light of the attributes defined and limited by said section, whatever may be the form of the bond.

The other statutory proceedings in bastardy have to do with obligation and liability by way of recognizance for appearance of accused, and hence are unimportant in the disposal of the question in the present case.

Indeed, our legislation on the subject of bastardy is founded upon the public concern, although in the proceedings so provided, certain rights are created for the benefit of and vouchsafed to the complainant.

The proceeding is neither a civil action nor a criminal proceeding, but in some features appears to possess certain attributes belonging to both classes of cases.

One of the privileges of the mother of a bastard child, preserved to her by a proceeding in bastardy initiated by her,

is to compromise and to receive under such compromise such sum of money or such property as she may agree to accept, or to permit the cause to proceed to trial in the court of common pleas, and receive such recovery as may result to her therefrom.

In the latter event, no bond for the saving of any county, township or municipal corporation free from all charges for the maintenance of the child is provided for, but another undertaking is contemplated, namely the one mentioned in Section 12123, General Code.

It is urged by counsel for the relator that the case of *Hazzard* v. *State,* 6 Dec., Re., 1081 (10 Am. L. Rec., 308), affirmed, no op., *Hazzard* v. *State,* 11 Bull., 252, is authority for the maintenance of an action by the complainant, upon such a bond as the one in issue herein.

The diligence of counsel for demurrant, who has furnished us a copy of the printed record in that case, enables us to say with certainty that the controversy there determined is wholly dissimilar from the question before us.

The following is a copy of the relator's pleading in the Hazzard case.

"The plaintiff states, that on August 23, A. D. 1878, in a certain proceeding in bastardy, then pending before E. Gilligan, Esq., a justice of the peace within and for said county of Hamilton, wherein the said Anna Dickson was plaintiff and the said Charles Hazzard was defendant, an order was entered of record by said justice of the peace, that the said Charles Hazzard enter into a recognizance in the sum of $500 for the appearance at the term of this court then next ensuing for said county of Hamilton, to answer to the complaint of said Anna Dickson, in said proceeding, and to abide the order of the court therein; that afterwards, to-wit, on August 29, A. D. 1878, in pursuance of and in compliance with the said order, so as aforesaid entered of record by the justice of the peace, the said defendants appeared before said justice of the peace, and jointly and severally acknowledged themselves to owe and be indebted to the state of Ohio, for the use and benefit of the township of Cincinnati, in the county aforesaid, in the sum of $500; but said acknowledgement and recognizance was on the condition, that if the said Charles Hazzard should be and appear before this court on the first day of the term thereof next to be holden within and for

said county of Hamilton, continue from day to day, and then and there answer to said complaint of said Anna Dickson against him in said proceeding, and abide the order of this court thereof, then the said recognizance should be void, otherwise to be and remain in full force. Said recognizance was duly entered of record by said justice of the peace, and signed and sealed by said defendants, the said Charles Hazzard signing the same by the name of Charles E. Hazzard.

"Afterwards, towit, on September 11, A. D. 1878, a duly certified transcript of the record made by said justice of the peace of said proceeding, including said recognizance, was filed in the office of the clerk of the court, and at the November term, A. D. 1878, of this court, said cause and proceding was, by order of the court, continued.

"Afterwards, at the January term, A. D. 1879, of this court, the said Charles Hazzard being duly called, came not, but made default and the said Edward Hazzard, being duly called to produce in court the body of said Charles Hazzard, came not, but made default, whereupon said recognizance was duly forfeited.

"And a jury being duly impaneled and sworn, to try the matter put in question in said proceeding, found said Charles Hazzard guilty, whereupon he was duly adjudged the reputed father of the child mentioned in said proceeding, and charged with the maintenance thereof in the sum of $300, and to pay the costs of said proceeding, which he has refused and still refuses to do.

"Therefore the plaintiff demands judgment against said defendants, in the sum of $500."

It is readily manifest that there had been no compromise of the case, but on the contrary the accused had been ordered to enter into a recognizance for his appearance at the court of common pleas.

One of the conditions of the recognizance is averred to have been to answer the accusation and abide the order of the court as required by Section 5618, Revised Statutes, now Section 12115, General Code. And, as pleaded, one of the orders of the court was that the accused stand "charged with the maintenance" of the child in the sum of $300.

We therefore hold that the mother of a bastard child has no right to recover on the bond provided for by Section 5617, Revised Statutes, now Section 12114, General Code.

It follows that there was no error in sustaining the demurrer and that the judgment must be affirmed.

With the foregoing conclusion, the dictum of Day, J., in *State* v. *Van Vorhis* (9 C. C., 239, 4 Circ. Dec., 30), will be found to harmonize.