[No. 16334. Department One. July 1, 1921.]

LEO G. GOSTINA et al., Respondents, v. A. L. RYLAND et al., Appellants.[1]

ADJOINING LANDOWNERS (3)—ENCROACHMENTS. An adjoining property owner having an absolute legal right, under Rem. Code, § 943, to an action to abate a nuisance caused by overhanging branches of trees, the defendants cannot defend on the ground that the action is inspired by spite.

NUISANCE (5)—PRIVATE NUISANCE—GROUNDS FOR INJUNCTION. Acquiescence for several months in a nuisance occasioned by overhanging branches and the spreading vines of a creeping plant would not constitute an estoppel against a right of action by an adjoining owner to abate the nuisance occasioned thereby.

ESTOPPEL (48)—EQUITABLE ESTOPPEL—ACQUIESCENCE—LACHES. In an action to abate a nuisance under Rem. Code, § 943, granting the right where there is an obstruction to the free use of property essentially interfering with the enjoyment of life and property, proof of some actual and sensible damages, although insignificant, will sustain plaintiff's right to have the nuisance abated.

MACKINTOSH and BRIDGES, JJ., dissent.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 14, 1920, upon findings in favor of the plaintiffs, in an action to abate a nuisance, tried to the court. Affirmed.

*Walter B. Allen,* for appellants.
*Warren Hardy,* for respondents.

[1]Reported in 199 Pac. 298.

HOLCOMB, J.—These adversaries own and reside upon adjoining lots in the city of Seattle. Appellants have owned and resided upon their lot for many years. Respondents bought their lot in August, 1918. There are growing upon appellants' lot a Lombardy poplar tree, situated about two feet from the division line fence separating the properties; also a fir tree in the rear of appellants' premises, situated within two feet of the division fence. It is alleged that some branches of the trees overhang the premises of respondents. Appellants also maintain a creeping vine, growing in a rustic box on top of a large stump, a few feet from the division fence, which is trained downward from the stump and it is alleged that parts of the creeping plant go through and under the division fence, and onto the lawn on respondents' premises. There are also some raspberry bushes and a rose bush at the rear of appellants' premises growing near the line which the respondents allege are permitted to hang over the division fence.

On July 28, 1919, respondents caused their attorney to give notice in writing to the appellants that the branches of the fir tree (then mentioned as a pine tree) standing upon appellants' premises, extended over the lot of respondents, and that the needles therefrom fell upon the lawn of respondents, injuring the same; and that the ivy planted in the yard of appellants ran under the fence and onto the lawn of respondents. Demand was made that appellants, within ten days, cut off the branches of the fir tree at the point where they crossed the boundary line, and remove the ivy from respondents' property, and to keep the tree and ivy from further encroaching upon their property.

This demand not having been complied with, about fifteen days thereafter respondents began their action under the statute, Rem. Code, §§ 943, 944 and 945, for the abatement of a nuisance, and for such other and further relief as might seem equitable and just.

Issue was joined as to the overhanging branches and encroaching ivy constituting a nuisance. Findings of fact and conclusions of law and judgment ordering abatement of the nuisances by appellants within sixty days, and in case of failure by them, ordering the sheriff to do so, were entered in favor of the respondents by the trial court, and this appeal resulted.

Appellants desired to defend on the theory that the action by respondents was merely for spite and vexation, and first complain because the court excluded evidence offered by them to the effect that, when respondents purchased their property adjoining that of appellants, they knew of the existence and condition of the trees and shrubs, and expressed their admiration therefor, and had no objection to their maintenance as they were upon the property of appellants, until after they had had some sort of personal disagreement, which caused their action in regard to the trees and shrubs. The court rejected all such evidence and offered proof, on the ground that it was immaterial, because where branches of trees overlap adjoining property, the owner of the adjoining property has an absolute legal right to have the overhanging branches removed by a suit of this character.

Section 943, Rem. Code, provides:

"    .   .   .   whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance, and the subject of an action for damages and other and further relief."

Section 944, *supra,* provides:

"Such action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance. . . ."

It cannot be said that acquiescence in the existence of the alleged nuisance for the period of a few months is such as to constitute estoppel or equitable laches. Whatever may have been respondents' sentiments regarding the situation and character of the trees and shrubs at one time, when they entered upon the enjoyment of their own possessions, after occupancy for a few months they gave notice on July 28, 1919, that their permissive acquiescence in the existence of the alleged nuisances, at least as to the fir tree and the ivy, had ceased, and that they required the encroachment to be stopped.

In *Lonsdale v. Nelson,* 2 B. & C. 311, it is held by the English court that:

"Nuisances by an act of commission are committed in defiance of those whom such nuisances injure, and the injured party may abate them, without notice to the person who committed them; but there is no decided case which sanctions the abatement, by an individual, of nuisances from omission, except that of cutting the branches of trees which overhang a public road, or the private property of the person who cuts them. The permitting these branches to extend so far beyond the soil of the owner of the trees, is a most unequivocal act of negligence, which distinguishes this case from most of the other cases that have occurred. The security of lives and property may sometimes require so speedy a remedy as not to allow time to call on the person on whose property the mischief has arisen, to remedy it. In such cases an individual would be justified in abating a nuisance from omission without notice. In all other cases of such nuisances, persons should not take the law into their own hands,

but follow the advice of Lord Hale, and appeal to a court of justice.''

''Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they *are* technical nuisances, and the person over whose land they extend may cut them off, or have his action for damages, if any have been sustained therefrom, and an abatement of the nuisance against the owner or occupant of the land on which they grow, but he may not cut down the tree, neither can he cut the branches thereof beyond the extent to which they overhang his soil.'' Wood, Nuisances (3d ed.), § 108.

''It may be understood that any erection upon one man's land, that projects over the land of another, as well as any tree whose branches thus project, *doing actual damage,* or anything that interferes with the rights of an adjoining owner, is an actionable nuisance.'' Wood, Nuisances, § 106.

From ancient times it has been a principle of law that the landowner has the exclusive right to the space above the surface of his property. To whomsoever the soil belongs, he also owns to the sky and to the depths. The owner of a piece of land owns everything above it and below it to an indefinite extent. Coke, Litt. § 4.

''On the same principle it is held that the branches of trees extending over adjoining land constitute a nuisance—at least in the sense that the owner of the land encroached on may himself cut off the offending growth.'' 20 R. C. L. 433, 434, 435, § 49, the cases cited.

''But whether a suit for an injunction and damages may be maintained without proof of actual damage is a point upon which the authorities are not very clear or satisfactory. According to some of the decisions, sensible appreciable damage must be shown in order to give the overhanging branches the character of nuisance; in other words, the fact that the branches extend over another's land does not constitute them a nuisance *per se.*'' 20 R. C. L. p. 433, 434, 435, § 49.

Thus in *Countryman v. Lighthill,* 24 Hun (N. Y.) 405, 82 Hun (N. Y.) 152 (not an ancient case as respondents state, but decided in 1881) it was held that:

"The overhanging branches of a tree, not poisonous or noxious in its nature, are not a nuisance *per se,* in such a sense as to sustain an action for damages. Some real, sensible damage must be shown to result therefrom."

The complaint which does not describe the damages caused will not state a cause of action.

That is our view.

It is generally the rule that "One adjoining owner cannot maintain an action against another for the intrusion of roots or branches of a tree which is not poisonous or noxious in its nature, his remedy in such case is to clip or lop off the branches or cut the roots at the line." 1 C. J. 1233, § 94.

See, also, *Countryman v. Lighthill, supra; Crowhurst v. Amersham Burial Board,* 4 Exchequer Div. 5; *Hoffman v. Armstrong,* 48 N. Y. 201, Sickles, Vol. 3; *Lyman v. Hale,* 11 Conn. 177, 27 Am. Dec. 728; *Skinner v. Wilder,* 38 Vt. 115, 38 Am. Dec. 645; *Harndon v. Stutz,* 124 Iowa 440, 100 N. W. 329; *Tanner v. Wallbrumm,* 77 Mo. App. 262.

It is therefore well settled that the powerful aid of a court of equity by injunction can be successfully invoked only in a strong and mischievous case of pressing necessity and there must be satisfactory proof of real substantial damage. *Tanner v. Wallbrumm, supra.*

Hence, were it not for our statute of nuisances, the respondents herein would not be accorded any judicial relief. But our statutes accord a remedy for a very slight nuisance: "Whatever is  . . . .  an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property." Rem. Code, § 943.

But in this case the respondent did describe some annoyance and damage—insignificant, it is true, so insignificant that respondents did not even claim them or prove any amount in damages—but simply proved that the leaves falling from the overhanging branches of the poplar tree caused them some additional work in caring for their lawn; and that the needles from the overhanging branches of the fir tree caused them some additional work in keeping their premises neat and clean, and fell upon their roof and caused some stoppage of gutters; and that sometimes, when the wind blew in the right direction, the needles blew into the house and annoyed the occupants. We cannot avoid holding, therefore, that these are actual, sensible damages, and not merely nominal, and although insignificant, "the insignificance of the injury goes to the extent of recovery and not to the right of action." *Henry v. Shepherd,* 52 Miss. 125.

The respondents in this case certainly had one remedy in their own hands, and under all the authorities could, without notice, if they had not encouraged the maintenance thereof, after notice if they had (which they gave), have clipped the branches that overhung their premises at the line.

"And although the right so to trim must be conceded, this does not dispose of the case, as the watching to see when trimming would be necessary, and the operation of trimming, are burdens which ought not to be cast upon a neighbor by the acts of an adjoining owner. . . . . . if the trees were innocuous, it might well be held . . . . that the occupier of the land projected over would have no right of action . . . . from similar grounds of general convenience." *Crowhurst v. Amersham Burial Board, supra.*

Since they had the statutory right to bring an action for abatement, and have shown some actual and

sensible damages, although insignificant, we consider that we have no option but to sustain it. The remainder of the trees will doubtless shed their leaves and needles upon the respondents' premises; but this they must endure positively without remedy.

The appellants' contention that "One who has slept upon his rights for a considerable time by acquiescing in the alleged nuisance will be denied equitable relief and left to his remedy at law", 29 Cyc. 1231, cannot apply here. The cases cited by appellants under this head show delays not of months, but of years. That principle is applied where one has encouraged the nuisance and allowed the party to go on and make a heavy expenditure under the reasonable belief that no objection would be made; or where the damages were small and the injury not of a continuous and permanent nature. 2 Wood, Nuisances (3d ed.), § 785.

The courts look beyond the injury to the consequence of their action and if fair redress can be had at law they will not tie up important industries or operations by injunction unless the equities of the case demand. *Varney v. Pope*, 60 Me. 192; *Sparhawk v. Union Pass R. Co.*, 54 Pa. St. 401.

Here respondents did not encourage an active nuisance or nuisance by commission, but for a short time permitted an omission when they gave notice of the cessation of their permission. No expenditure had been encouraged, and incurred on the part of appellants. It cannot be considered that respondents slept upon their rights for such a considerable time, by acquiescing in the alleged nuisance, so that they would be denied equitable relief; nor is this equitable relief, but legal and statutory relief. *Carl v. West Aberdeen Land & Imp. Co.*, 13 Wash. 618, 43 Pac. 890. While it has some appearance of being merely a vexatious suit,

appellants admit that the tree-boughs do overhang respondents' lot to some extent. There is sufficient foundation in fact to sustain a case, and the authorities are clearly with respondents.

The judgment of the lower court is affirmed.

PARKER, C. J., and FULLERTON, J., concur.

MACKINTOSH, J. (dissenting)—To have the acts complained of in this case constitute a nuisance, under § 943, Rem. Code, they must be acts (1) injurious to health; or (2) indecent; or (3) offensive to the senses, or (4) an obstruction to the free use of the property so as to essentially interfere with the comfortable enjoyment of the life and property. It is conceded that the acts do not come within classifications 1, 2 or 3, but it is held that such acts amount to an obstruction of the free use of the property so as to essentially interfere with its comfortable enjoyment. I cannot agree with such a result. For the trivial encroachment of the branches of a tree, and the growth of a few vines under a fence do not appear to me to amount to *such an obstruction* as to *essentially interfere* with the respondents' comfortable enjoyment of their property, and are not such circumstances as will entitle respondents, under § 944, Rem. Code, to institute an action, it being provided in that section that the action may be brought by a person whose property is *injuriously* affected or whose *personal enjoyment* is lessened.

I agree with the writer of the opinion in his characterization of this action as vexatious, and I think that the statutes on nuisances are hardly susceptible of the interpretation given them, which has rendered the action not only vexatious but successful.

I therefore dissent.

BRIDGES, J., concurs with MACKINTOSH, J.