EULAR FAY ANDERSON *alias* EULAR FAY LANDRUM v. STATE.

No. 29,782. April 30, 1958.
Appeal Reinstated June 11, 1958.

No attorney for appellant of record on appeal.

*Leon Douglas,* State's Attorney Austin, for the state.

PER CURIAM.

The offense is theft; the punishment, two years.

The record reveals that the appeal bond was approved by the district clerk, and not by the sheriff and trial judge, as required by Article 818, V.A.C.C.P., and therefore this court has no jurisdiction to entertain the appeal.

The appeal is dismissed.

#### ON REINSTATEMENT OF APPEAL

WOODLEY, Judge.

An appeal bond having been entered into, the appeal is reinstated.

Appellant was seen in the J. C. Penney Store in Marlin putting some kind of women's underclothes under her dress. She left the store and ran when someone called to her and tried to stop her. Some articles were seen to fall from her dress on the street. None of the property which the circumstantial evidence shows to have been removed from the Penney Store was recovered.

Mr. Cole, the manager, testified that certain merchandise was missing from the store.

While the circumstantial evidence is deemed sufficient to support a finding by the jury that appellant stole some merchandise from the Penney Store, the evidence is not sufficient to sustain a finding that the property alleged in the indictment was stolen.

We need discuss only the seven gowns.

The indictment alleged the theft of seven gowns. The proof relied upon by the state is as follows:

"Q. (to manager Cole) I believe in and around the place where this merchandise was missing, did you find any other merchandise that had been tampered with in any way?

"A. In checking our inventory we found seven gowns missing, but we found them between the two counters. They were located on the floor.

"Q. Were they placed there by any of your employees, as far as you know? A. No, sir. They had been dropped behind these counters by someone."

"A. * * * Then the bin on the gown counter, we found the gowns behind the counter over beyond where they were supposed to be located over on top of the table."

"Q. Mr. Cole, I believe you testified something about you found seven gowns down on the floor. What was the value of those seven gowns, if you remember? A. $27.64, I believe it was, sir."

The testimony set out is all of the evidence relating to the alleged theft of seven gowns, and is insufficient to support a finding that the seven gowns found on the floor were stolen by appellant.

The indictment alleged the fraudulent taking of "thirteen (13) women's Slips; eight (8) pieces of jewelry; and seven gowns, and five (5) brassieres of the aggregate value of over Fifty (50) Dollars."

As the indictment was drawn, it was essential that the state prove that all of the property described therein was stolen, the items not being of uniform value. See Branch's Ann. P.C., 2d Ed., Sec. 2674, citing: Thompson v. State, 43 Texas 268; Ware v. State, 2 App. 547; Meyer v. State, 4 App. 121; Doyle v. State, 4 App. 253; Street v. State, 7 App. 7; Dove v. State, 112 Texas Cr. Rep. 231, 15 S.W. 2d 1042.

A different question would be presented had the indictment alleged the value of the particular items alleged to have been stolen.

The evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.