IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MAEVE CONNOLLY, | ) | No. 80075-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| BONNIE PIEST, and JOHN DOE | ) | UNPUBLISHED OPINION |
| PIEST, and the marital community | ) | |
| comprised thereof, | ) | |
| | ) | |
| Respondents. | ) | |

BOWMAN, J. — Maeve Connelly brought nuisance and trespass actions against her neighbor Bonnie Piest and her spouse (collectively Piest) on the grounds that Piest's cedar tree branches extend over her property, shedding debris and posing a danger to her home. The trial court granted Piest's motion for summary judgment. Because Connolly has made a showing sufficient to establish the elements of her nuisance claim and genuine issues of material fact remain, we reverse and remand for further proceedings.

FACTS

A mature 81-foot cedar tree grows on Piest's property. The tree has grown on Piest's property since at least 1999 when she purchased her home. Piest's neighbor Connolly has lived on her property for over 40 years, during which the cedar tree grew from "a few feet tall" to its present height.

Citations and pin cites are based on the Westlaw online version of the cited material.

Though the tree grows wholly on Piest's property, one-third of the canopy hangs over Connolly's property. Some of the branches from Piest's tree overhang Connolly's house and deck. Connolly expressed concerns that the size and length of the limbs pose a growing threat to her home and that they "profusely" shed needles and cones onto Connolly's home and yard, clogging her swimming pool filters and roof gutters and killing her grass.

In August 2016, Connolly's lawyer sent a demand letter to Piest. The letter complained that the needles from the tree forced Connolly to fill in her swimming pool because it "became unusable." Connolly threatened to take legal action if Piest did not allow Connolly's arborist to "cut back the branches currently encroaching on her property."

In August 2017, Piest responded that selective pruning of some of the overhanging branches would reduce any "low risk" the tree poses and improve the health of the tree. A certified arborist estimated that "the tree adds $46,100 to the [Piest] property." Piest acknowledged Connolly's "nearly absolute" right to cut any encroaching branches but hoped she would not exercise that option as the tree added value to both of their properties.

In September 2017, Connolly filed nuisance and trespass actions against Piest. Connolly complained that Piest's tree shows growth, "posing an increasing danger" to her home. She was concerned the tree's limbs would "reach [her] home should failure occur" during a windstorm. And she alleged that the tree's needles caused her to spend "no less than six thousand dollars" remediating damage to her property. Connolly requested that Piest pay for the tree's

complete removal and that the trial court award damages "in an amount to be proven at trial."

Connolly and Piest retained experts to assess the health of the tree and any risk the limbs may pose to Connolly's home. The experts disagreed on the likelihood that limbs could fail and cause damage to Connolly's property. Piest's expert Kurt Fickeisen stated that the tree presented only a "low overall risk" to both properties. Connolly's expert Brian Gilles disagreed and testified that the tree presented a "moderate" risk. Gilles further recommended that in order to avoid possible branch failure, the cedar branches would need to be cut at the "branch collar" where the branch "leaves the trunk" (located on Piest's property), not in the middle of the branches at the property line.

Piest filed a motion for summary judgment, asking the court to dismiss the nuisance claim. The trial court granted the summary judgment motion and struck the trial date.[1] The court awarded Piest her attorney fees and costs. Connolly appeals.

ANALYSIS

Connolly argues that the trial court erred in dismissing her lawsuit on summary judgment. We agree.

This court reviews an order granting summary judgment de novo. Mohr v. Grantham, 172 Wn.2d 844, 859, 262 P.3d 490 (2011). Summary judgment is granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Cotton v. Kronenberg, 111 Wn.

---

[1] The trespass claim did not appear in either Piest's summary judgment motion or the court's order granting summary judgment.

App. 258, 264, 44 P.3d 878 (2002).  Summary Judgment is also proper if the nonmoving party " 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " Miller v. Likins, 109 Wn. App. 140, 145, 34 P.3d 835 (2001)[2] (quoting Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989)).  When reviewing a summary judgment order, this court engages in the same inquiry as the trial court and construes the facts in a light most favorable to the nonmoving party.  Babcock v. Mason County Fire Dist. No. 6, 144 Wn.2d 774, 784, 30 P.3d 1261 (2001).

Nuisance Claim

Connolly argues that the court erred in granting summary judgment dismissal of her nuisance claim because the limbs from Piest's tree encroach on her property and interfere with the use and enjoyment of her property by shedding large amounts of debris on her house and yard.  She also argues that the branches "potentially threaten" her safety.  Piest maintains that Connolly has no actionable nuisance claim.

RCW 7.48.010 defines an "actionable nuisance" as "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property."  "A nuisance is an unreasonable interference with another's use and enjoyment of property." Mustoe v. Ma, 193 Wn. App. 161, 168, 371 P.3d 544 (2016); see also MJD Props., LLC v. Haley, 189 Wn. App. 963, 970, 358 P.3d

---

[2] Internal quotation marks omitted.

476 (2015) (holding that "[a]n activity constitutes a nuisance when it interferes unreasonably with a neighbor's use and enjoyment of his or her property"). "To determine whether a use is reasonable, courts balance the rights, interests, and convenience unique to the case." Boyle v. Leech, 7 Wn. App. 2d 535, 539, 436 P.3d 393 (2019) (citing Mustoe, 193 Wn. App. at 169).

Piest argues that Connolly does not have an actionable nuisance claim because her tree is healthy and "[t]he natural dropping of leaves and other ordinary debris created by the natural processes and life cycles of trees will not support a nuisance claim." Piest cites Boyle in support of her claim. She also argues that even if the branches from her tree are a nuisance, Connolly's sole remedy is to cut them back to the property boundary line.

Boyle involved a dispute over debris from a tree that grew entirely on the owner's property "without branches overhanging onto the [neighbor]'s yard." Boyle, 7 Wn. App. 2d at 539. We concluded that the property owner acted reasonably in the maintenance of the tree and that errant debris from a tree wholly on another's property does not constitute a nuisance. Boyle, 7 Wn. App. 2d at 542. Here, the limbs from the tree on Piest's property extend across her boundary line and over Connolly's yard. "[T]he branches of trees extending over adjoining land constitute a nuisance." Gostina v. Ryland, 116 Wash. 228, 232, 199 P. 298 (1921). Piest's reliance on Boyle is misplaced.

However, Connolly must also show damages to support an actionable nuisance claim. " 'The overhanging branches of a tree, not poisonous or noxious in nature, are not a nuisance per se, in such a sense as to sustain an action for damages.' " Gostina, 116 Wash. at 233 (quoting Countryman v. Lighthill, 31 N.Y.

Sup. Ct. (24 Hun.) 405 (1881)).  Here, Connolly showed evidence that the needles and debris from Piest's overhanging tree branches "shed profusely" in her yard.  She claims that the debris interferes with her use and enjoyment of her property.  This is precisely the damage found to be sufficient to support an action of nuisance in Gostina.  See Gostina, 116 Wash. at 234 (concluding that needles falling from overhanging branches causing additional maintenance are "actual, sensible damages").  "[A]lthough insignificant, 'the insignificance of the injury goes to the extent of recovery, and not to the right of action.' " Gostina, 116 Wash. at 234 (quoting THOMAS M. COOLEY, A TREATISE ON THE LAW OF TORTS 567 (1880)).  Piest also ignores that Connolly's nuisance claim rests on more than the shedding of debris in her yard.  Connolly's tree expert testified that the size and location of the tree's branches pose "an increasing danger" to Connolly's home.  Connolly has made a showing sufficient to establish the existence of damages.

Piest argues that even if the limbs of her tree are a nuisance to Connolly, Connolly's sole remedy is to exercise "self-help" and cut the branches at the property line.  Piest is correct that an adjoining landowner may engage in self-help and trim the branches of a neighbor's tree that encroach onto her property.  Gostina 116 Wash. at 233.  However, self-help is not the sole remedy.  " '[T]he watching to see when trimming of noxious branches would be necessary and the operation of trimming are burdens which ought not to be cast upon a neighbor by the acts of an adjoining owner.' " Gostina 116 Wash. at 234 (quoting Crowhurst v. Amersham Burial Bd. (1878) 4 Exch. Div. 11, reprinted in 18 AM. L. REG. (N.S.) 348, 350).  The person over whose land such branches extend " 'may cut them off, or have [their] action for damages, if any have been sustained therefrom.' "

Gostina 116 Wash. at 232 (quoting 1 H.G. WOOD, A PRACTICAL TREATISE ON THE LAW OF NUISANCES § 108 (3d Ed. 1893)).

Although Connolly has made a showing sufficient to establish the existence of the essential elements of her nuisance claim, genuine issues of material fact remain. Connolly's tree expert Gilles asserts that the branches overhanging Connolly's house and deck pose a moderate risk of limb failure. He also asserts that trunk failure is possible and the risk of failure will increase over time. Piest's expert Fickeisen opines that the branches present a "low overall risk" to both properties and that trunk failure is improbable. Fickeisen concludes that selectively pruning branches can reasonably mitigate any risk to Connolly's home, but Gilles maintains that no amount of pruning will abate the nuisance long-term. Gilles also asserts that pruning the branches at the property line would cause significant long-term damage to the tree. These issues of material fact preclude summary judgment.

Trespass Claim

Connolly argues that the trial court erred in dismissing her trespass claim because Piest's motion for summary judgment failed to address that cause of action. Piest acknowledges that she did not seek summary judgment with regard to the trespass claim in her motion. But she maintains that dismissal was appropriate because "[n]uisance and trespass claims are similar" in that "[b]oth require some showing of damages."

"It is the responsibility of the moving party to raise in its summary judgment motion all of the issues on which it believes it is entitled to summary judgment." White v. Kent Med. Ctr., Inc., P.S., 61 Wn. App. 163, 168, 810 P.2d 4 (1991). It is

error for a trial court to grant summary judgment based on an issue not raised in a party's opening papers. White, 61 Wn. App at 169.

In her complaint, Connolly alleged both nuisance and trespass causes of action. Piest filed a motion for summary judgment challenging only Connolly's nuisance claim. At oral argument, the singular focus of the parties was on the nuisance claim. The trial court's order provides only that "[t]he Defendant's Motion for Summary Judgment is hereby granted." The record contains no order dismissing the trespass claim. Yet the court struck the trial date and proceeded to award attorney fees and costs to Piest as if it had dismissed the entire lawsuit. The trial court erred in dismissing Connolly's trespass claim.[3]

We reverse the trial court's order granting summary judgment in favor of Piest and remand for further proceedings.

_____, J.

WE CONCUR:

_____          _____ Appelwick, J.

---

[3] Connolly also assigns error to the trial court's award of attorney fees. Because we reverse and remand for further proceedings, we do not reach that issue. Additionally, Piest requests attorney fees on appeal. Because she is not the prevailing party, we decline to award Piest fees on appeal.