(109 N. W. 56.)

---

T. O. BAIRD, MARY BAIRD AND H. J. BAIRD, CO-PARTNERS AS BAIRD BROTHERS, v. H. C. CHAMBERS.

Opinion filed July 27, 1906.

**Negligence — Prairie Fires.**

> After discovering a fire in progress on his premises for the kindling of which he is not responsible, the owner is not bound to exercise more than ordinary care and diligence to prevent it from spreading.

Appeal from District Court, Kidder county; *Winchester*, J.

Action by W. O. Baird and others against H. C. Chambers. Judgment for plaintiffs, and defendant appeals.

Reversed.

*J. W. Walker* and *S. E. Ellsworth*, for appellant.

Negligence or misconduct is the gist of liability and the burden of proving it is on the plaintiff. Shearman & Redfield on negligence (5th Ed.) section 668; Mattoon v. Fremont, Etc., Ry. Co., 60 N. W. 69; Sweeny v. Merrill, 16 Pac. 454; Nass v. Schulz, 81 N. W. 133.

The defendant cannot be held answerable in damages, for the reasonable and proper exercise of a lawful right, attended by a cautious regard for the rights of others, when there is no negligence, unskillfulness or malice in the act done. Fahn v. Reichart, 8 Wis. 255; Case v. Hobart, 25 Wis. 654; Garnier v. Porter, 27 Pac. 55; Sweeny v. Merrill, 16 Pac. 454; Hitchcock v. Riley, 89 N. Y. Supp. 260; Bolton v. Calkins, 60 N. W. 297; Ellsworth v. Ellingson, 64 N. W. 774; Kenney v. Hannibal, Etc., Ry. Co., 70 Mo. 252.

The mere fact that a fire originated on defendant's land does not render him liable for damages after it spread to other lands. Moe v. Job, 1 N. D. 140, 45 N. W. 700.

Defendant not liable for failure to make diligent use of means and appliance reasonably within reach, if the fire could not have been extinguished no matter what equipment or means were used. Baldwin v. Andrews, 96 N. W. 305, 12 N. D. 267.

*T. R. Mockler* and *Maddux & Rinker,* for respondents.

If a fire is kindled upon one's premises by himself, or he finds one there kindled by another and does not attempt to control it, and if it is likely to spread to his neighbor's farm to the latter's injury, and does so spread and injure, he is liable. Ball v. Grand Trunk R. Co., 16 U. C. C. P. 252; St. Louis Southwestern R. Co. v. Ford, 45 S. W. 55; Louisville, etc., R. R. Co. v. Vitsche, 126 Ind. 229.

ENGERUD, J. This is an action to recover compensation for the destruction of plaintiff's property by a prairie fire. It is alleged that the defendant negligently kindled the fire on his premises, and negligently permitted it to spread so as to cause the damage complained of. It is undisputed that the fire in question was started on defendant's premises and spread from there to plaintiff's ranch about seven or eight miles distant, and destroyed plaintiff's property. The defendant, however, did not kindle the fire and was in no manner responsible for the kindling thereof. He discovered the fire, however, a few minutes after it started. It is conceded that the defendant is not liable for the damages caused by the fire unless his failure to extinguish it after discovering it was due to some omission of duty on his part. The charge to the jury on this question was as follows: "In determining the question of negligence, if you find from the evidence that

at the time the defendant discovered the fire in question, it would have been possible for him to prevent the spread of the same with the help and means within his reasonable reach, then under the law he would be held responsible for negligently or carelessly allowing the fire to spread." There was much else said on the same subject but it was merely a repetition of the same idea in different language. The instructions on this point were duly excepted to and form the basis for the main assignment of error. It was not claimed that the defendant failed to make use of the means available to him for extinguishing the fire, but plaintiff contended that defendant had not used those means with proper promptness and diligence. What degree of promptness and diligence was the defendant under obligations to exert? As will be seen from the instruction above quoted, the jury were told in effect that defendant was liable if the fire could possibly have been extinguished by him. The jury were left to infer that if by the utmost promptness and extremest diligence of effort on defendant's part the fire might have been extinguished then the defendant was liable. That is clearly not the law. Even if the defendant had himself set the fire he was bound to exercise only ordinary care and diligence to prevent it from spreading. Thompson, Com. on Law of Negligence, vol, 1, section 729. Surely, no greater degree of care is required of one who is not responsible for starting the fire. After he discovered the fire on his premises he was bound to exercise reasonable care and diligence to prevent it from spreading so as to endanger his neighbor's property. His duty in this respect after discovering the fire would be the same as that resting upon a person who, without negligence, starts a fire on his own premises. He was bound to put forth such reasonable effort to prevent the fire endangering his neighbors as a man of ordinary prudence would put forth, who was actuated by a proper regard for his neighbors' rights and safety. McCully v. Clark, 40 Pa. St. 399, 80 Am. Dec. 584.

This error in the instructions requires a reversal and a new trial. All concur.