[No. 13382.  *En Banc.*  April 12, 1917.]

CARRIE SANDBERG, *Respondent,* v. CAVANAUGH TIMBER
COMPANY, *Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.  The admission of
evidence upon an issue which was withdrawn from the considera-
tion of the jury is harmless.

NEGLIGENCE—FIRES—DUTY TO CONTROL.  After the discovery of
fire upon his premises, an owner must exercise reasonable care and
diligence to prevent it from spreading so as to endanger other prop-
erty, and is liable for damages caused through his failure to exer-
cise such care in controlling it.

SAME—DEGREE OF CARE.  The degree of care required by an owner
in preventing the spread of fire on his premises is the same whether
the fire was started by another or by the owner.

SAME—FIRES—FAILURE TO CONTROL—QUESTION FOR JURY.  Whether
the owner of premises used due care to control a fire found burning
on his premises is a question for the jury, where it appears that the
fire started in August during a very dry season, little effort was
used to stop the fire for a day or two when it might have been sub-
dued, the owner had notice of the danger, and the fire was traced
directly to plaintiff's premises.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered October 21, 1915, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action in tort.  Affirmed.

*W. P. Bell* and *Coleman & Fogarty,* for appellant.

*Cooley, Horan & Mulvihill* and *A. M. Wendell,* for re-
spondent.

PARKER, J.—This is an action to recover damages for
property destroyed by fire.  Trial in the superior court sit-
ting with a jury resulted in verdict and judgment awarding
plaintiff damages in the sum of $2,000, from which the de-
fendant has appealed to this court.

[1]Reported in 164 Pac. 200.

Appellant, at the time in question, was engaged in logging upon its own land in Snohomish county. Respondent at that time owned a farm about two miles from where appellant was logging. The fire in question destroyed respondent's barn, outbuildings, hay, feed and implements, which as alleged by her were of the total value of $2,550. The fire originated upon appellant's land about one hundred and fifty feet from one of its donkey engines which was being used in its logging operations, and was discovered there by appellant's employees and its foreman very soon after it started, as to which facts there is no controversy. By the allegations of respondent's complaint, appellant was charged with starting the fire, and with negligently doing so, and also with negligence in failing to put the fire out and permitting it to spread to respondent's property. It is conceded that the evidence introduced upon the trial fails to show any negligence on the part of appellant in connection with the starting of the fire. It is a disputed question of fact as to whether or not appellant did start the fire, which question, however, we think it will appear is of no moment in our present inquiry.

Counsel for appellant contend that certain testimony bearing upon the question of appellant's starting the fire was erroneously received over their objection, and that the trial court erred in giving instructions bearing upon that question. Counsel for respondent contend that the ruling of the trial court touching the receiving of evidence and the giving of instructions upon the question of appellant's starting the fire were in no event prejudicial to the rights of appellant, in view of the undisputed fact that the fire actually started upon its land and was known by its employees and foreman to have started there very soon thereafter.

The testimony claimed to have been erroneously admitted was that of a witness who stated, "I asked him [the foreman] how the fire got started and he told me from the donkey," which statement of the foreman, as testified to by the wit-

ness, occurred on the day following the starting of the fire; and the instructions complained of, as interpreted by counsel for appellant, assumed in substance that the fire started from the donkey engine, and in that sense from the act of appellant, though without negligence upon its part; so there remained for the jury's consideration only the question of negligence of appellant in failing to subdue the fire and prevent its spreading to respondent's property.

So far, therefore, as we are concerned with these rulings of the trial court, assuming for argument's sake that they were technically erroneous so far as the question of appellant's starting the fire is concerned, our problem is, Was appellant, having knowledge of the starting of the fire upon its own premises, required by law to exercise due diligence looking to the prevention of the spreading of the fire to respondent's property, and would the failure on the part of appellant to exercise due diligence in that behalf render it liable to respondent as for negligence? If this obligation rested upon appellant regardless of how the fire actually started, and the trial court by its instructions prescribed no higher degree of care than the law imposes upon the owner of land on which fire starts apart from his own act, but knows of the starting of the fire in time to prevent, by due diligence, its damaging his neighbor, then these rulings of the trial court would be without prejudice because of their relation to a question which would not affect the measure of appellant's responsibility and diligence, however it might be decided.

The authorities convince us that there may be negligence such as to render the owner of premises liable to his neighbor in his failure to use due diligence in preventing the spread of a fire originating upon his own land though it so originate without any act or fault of his own. The common law seems to have rendered an owner of premises on which fire starts, regardless of the manner of its starting, absolutely liable for damages which his neighbor suffers therefrom, but the harshness of this doctrine has been much modified in both England

and this country in recent times. In the text 11 R. C. L. 940, the learned editors state the present day rule as follows:

"The general rule in this country, as in England, is now well settled that when a private owner of property sets out fire on his own premises for a lawful purpose or when a fire accidentally starts thereon, he is not, in the absence of a statute to the contrary, liable for the damage caused by its communication to the property of another, unless it started through his negligence, or he failed to use ordinary skill and care in controlling or extinguishing it."

In Bishop's Non-Contract Law, at § 833, that learned author says:

"Since fire, one of the most beneficent servants of man, does not from its own nature imperil surrounding persons and objects, the careful setting and keeping of it in one's dwelling-house, shop, field, or elsewhere, for a useful purpose, creates no liability to another injured by its spreading, through some accident not reasonably to be anticipated. But a fire set or looked after negligently, if by reason of such negligence it communicates to a neighbor's property and destroys it, will give the neighbor an action for the damages."

In this text it will be observed that it is at least inferentially stated that there may be negligence rendering an owner of premises liable in such cases regardless of how the fire starts upon his premises. The reports furnish but few instances of decisions being rendered wherein there is considered the question of the measure of the duty of a person on whose premises a fire is started by some agency for which he is not responsible to prevent its spread to his neighbor's property. The decisions touching this exact question, however, seem to be in harmony in holding that there is a measure of responsibility on the part of an owner growing out of such a situation which requires him to use reasonable effort to prevent the spread of a fire occurring upon his premises, apart from his own act or neglect attending the starting of the fire, which may render him liable to his neighbor as for negligence.

In *Baird v. Chambers*, 15 N. D. 618, 109 N. W. 61, 125 Am. St. 620, 6 L. R. A. (N. S.) 882, this exact question seems to have been under consideration. In that case the fire was started upon defendant's ranch without any act or fault of his own. He knew of it and, as was claimed, failed to exercise due diligence in preventing its spread to his neighbor. It did spread beyond the limits of his own ranch, destroying property of his neighbor. The trial court instructed the jury in such language as to leave it to infer that he was liable to his neighbor for the damage thus caused "if it would have been possible for him to prevent the spread of the same." This instruction was held to be erroneous and upon that ground alone a new trial was granted, the court being of the opinion that the instruction imposed too high a degree of care upon the owner of the premises where the fire started. Stating the law applicable to the case as a guide to the lower court upon new trial, Justice Engerud, speaking for the court, said:

"After he discovered the fire on his premises he was bound to exercise reasonable care and diligence to prevent it from spreading so as to endanger his neighbor's property. His duty in this respect after discovering the fire would be the same as that resting upon a person who, without negligence, starts a fire on his own premises. He was bound to put forth such reasonable effort to prevent the fire endangering his neighbors as a man of ordinary prudence would put forth, who was actuated by a proper regard for his neighbors' rights and safety."

In *Farrell v. Minneapolis & R. R. Co.*, 121 Minn. 357, 141 N. W. 491, 45 L. R. A. (N. S.) 215, there was involved the spreading of a fire which had been started upon the company's right of way without any· act or fault of the company. The fire spread to adjoining land and destroyed property thereon, the question being as to the negligence of the railway company in permitting the fire to so spread and damage neighboring property, its agents having knowledge of the starting of the fire upon its right of way. Dis-

posing of the contention that the company was not liable because the fire did not start by any act of the company, Judge Bunn, speaking for the court, said:

"Was there a legal duty resting on defendant to use reasonable care to prevent the spread of this fire? We think there was. This is not holding that a railroad company must make its right of way a barrier to prevent the spread of fires for the starting of which it is not responsible, nor does a decision that such a duty rested on defendant establish any new doctrine. It is an application of the old rule of *sic utere tuo*. If a fire started on the right of way of a railroad, or on land of a private owner by the carelessness of boys, the matches of smokers, or from any cause for which the landowner is not responsible, and the latter knows of the fire and knows that if not controlled it will spread and destroy valuable property of his neighbor, there is a duty to use reasonable care to prevent this result. This may not always have been the law, but it is now generally recognized that each member of society owes a legal duty, as well as a moral obligation, to his fellows. He must so use his own property as not to injure that of others. The doctrine is nowhere better illustrated than in the case of *Depue v. Flatau*, 100 Minn. 299, 111 N. W. 1, 8 L. R. A. (N. S.) 485, and the following extract from the opinion in that case states the principle clearly: 'Whenever a person is placed in such a position with regard to another, that it is obvious that if he does not use due care in his own conduct he will cause injury to that person, the duty at once arises to exercise care commensurate with the situation in which he thus finds himself . . . to avoid such danger; and a negligent failure to perform that duty renders him liable in damages.' Many of the situations to which the principle is applicable are referred to in the opinion, as well as in the cases there cited, including the valuable note to *Union Pacific R. Co. v. Cappier*, 69 L. R. A. 513."

The following decisions lend support to this doctrine: *McCullough v. Clark & Thaw*, 40 Pa. St. 399, 80 Am. Dec. 584; *McNally v. Colwell*, 91 Mich. 527, 52 N. W. 70; *Seckerson v. Sinclair*, 24 N. D. 326, 625, 140 N. W. 239. Our own decision in *Kuehn v. Dix*, 42 Wash. 532, 85 Pac. 43,

lends some support to this view, though the fire there in question was actually started by the owner of the premises from which it spread to and damaged his neighbor's premises. He was held liable because of negligence in his failure to prevent the fire spreading, though he was held not negligent in starting the fire upon his own land. That decision seems to be rested upon Bal. Code, § 3138, being Rem. Code, § 5141. Section 5143, Rem. Code, of the same act preserves the common law remedy, which is here invoked by respondent.

Did the instructions of the trial court state a rule requiring a higher degree of care on the part of the appellant to prevent the spreading of the fire than that which the law imposes upon an owner of the premises on which a fire originates without his act or fault? Touching the degree of care to be exercised by appellant, the trial court instructed the jury as follows:

"It was the duty of the defendant to exercise that care and diligence which a person of ordinary prudence would exercise to extinguish or control any fire started by it upon its premises and to protect the property of plaintiff against loss on account thereof, in view of the nature and extent of the fire, the material on the ground, the weather conditions prevailing, the means at hand, and all the surrounding circumstances, and the failure of the defendant to exercise such reasonable care would be and constitute negligence upon its part."

It will be noticed that, in this instruction, the trial court measured the degree of care in a case where the owner starts a fire upon his premises. That, however, would not render the instruction prejudicially erroneous unless the degree of care therein stated is in law greater than that required of appellant had the instruction assumed that the fire did not start by any act or fault of appellant. It seems to us, in any view that may be taken of this instruction, it did not impose upon appellant any higher degree of care than it was required to exercise touching the question of its negligence in allowing the fire to spread to respondent's property. The

authorities above noticed we think show that the required degree of care would be the same so far as its duty to prevent the fire spreading is concerned, whether the fire was started by appellant or by some one else, assuming, as is here conceded, that there was no negligence on the part of appellant attending the starting of the fire. If this instruction be construed as assuming that appellant started the fire, it in no event meant that there was any negligence on the part of appellant attending the starting of the fire. Another instruction plainly told the jury that there was no such negligence, as was conceded upon the close of the trial.

Contention is made in appellant's behalf that the evidence introduced upon the trial does not support the judgment and verdict, in that it does not warrant a finding that appellant did not exercise due diligence looking to the prevention of the spreading of the fire to respondent's property. A careful reading of the evidence convinces us that this was a question for the jury. The fire was traced, by creditable evidence, directly from the place it started upon appellant's land to respondent's property. It occurred early in August during a very dry season. It is true, appellant used some effort to stop the fire a day or two following its starting, but very little effort thereafter. On the second or third day following, appellant's foreman was warned by a fire ranger that the fire was proceeding towards the east, threatening the property of others. This ranger also testified that, in his opinion, the fire could have been subdued had proper efforts been used in that behalf. Respondent herself testified that, about one and a half hours before the fire reached her place, she warned appellant's foreman by telephone message of the approach of the fire to her place and asked for help. None was furnished by appellant, according to her testimony. Whether or not her place could then have been saved is somewhat problematical. We deem it unnecessary to pursue this inquiry further. We are quite clear that the question of

appellant's negligence, so far as the question of its efforts to control the fire are concerned, was for the jury to decide.

Some contention is made in appellant's behalf that the verdict is excessive. A reading of the evidence convinces us that there is ample room for difference of opinion upon that question, and we are therefore constrained not to interfere with the jury's award of $2,000 to respondent.

The judgment is affirmed.

ELLIS, C. J., HOLCOMB, MAIN, MOUNT, FULLERTON, and WEBSTER, JJ., concur.