Arthur A. ARNHOLD et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 14331.

United States Court of Appeals
Ninth Circuit.

Sept. 1, 1955.

Rehearing Denied Oct. 14, 1955.

See also 225 F.2d 649.

Ferguson & Burdell, W. H. Ferguson, W. Wesselhoeft, Donald McL. Davidson, Seattle, Wash., for appellants.

Warren E. Burger, Asst. Atty. Gen., Alan S. Rosenthal, Paul A. Sweeney, Samuel D. Slade, Sondra K. Slade, Attorneys, Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Francis N. Cushman, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE, ORR and HASTIE, Circuit Judges.

ORR, Circuit Judge.

As is the situation in the case of Rayonier, Inc., v. United States, 9 Cir., 225 F.2d 642, appellants have appealed from a judgment dismissing their complaint insofar as it attempts to state a cause of action against the United States. The allegations of the complaint, in the instant case, are in most part substantially the same as those considered in the Rayonier case.

 In the instant case appellants, by an allegation not found in the Rayonier case, attempted to avoid the rule that ordinarily the servient tenant of an easement has no duty to make repairs or maintain the easement and is not liable to third parties by failing to do so, by placing their case within the recognized exception where by contract or long established custom the servient tenant has undertaken such an obligation. The allegation relied on is: "* * * said owner [United States] had for several years prior thereto failed to require defendant railroad to abate the above conditions, or any of them, although it had reserved the right to do so and had done so at various times previous thereto."

Most liberally construed this allegation charges only a prior practice of requiring the dominant tenant to make repairs. There is no allegation that the servient tenant, the Government, had made repairs on the right of way; therefore, there is no showing of an obligation to maintain or repair the right of way on the part of the servient tenant. Hence, the Government was merely an adjoining landowner to whose land fire, started by another's negligence, subsequently spread, and had no duty to follow the fire. Cases such as Sandberg v. Cavanaugh Timber Co., 1917, 95 Wash. 556, 164 P. 200, on which appellant relies, do not impose such an obligation. They govern the duties of the landowner on whose property the fire breaks out. The complaint portrays a situation in which the fire smouldered for approximately six weeks. It is expressly alleged that sufficient men and equipment were available to extinguish it and "any reasonably prudent landowner with such men and equipment would have extinguished the same." There is nothing to distinguish these allegations from those considered by us in the Rayonier case. We conclude that risks created by the alleged negligent acts and omissions of the Government prior to August 7, 1951, were not the proximate cause of the injuries here complained of.

 The fire fighting operations of the Government on the 1600-acre privately-owned tract were undertaken and conducted in the capacity of public firemen. For such activities the Government is not answerable in damages under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680; Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

On authority of the Rayonier case and what is here said, the judgment is affirmed.

Affirmed.