Arthur A. **ARNHOLD** et al., Appellants,

v.

**UNITED STATES** of America et al.,
Appellees.

**RAYONIER, INCORPORATED**, a Corporation, Appellant,

v.

**UNITED STATES** of America,
Appellee.

Nos. 16367, 16368.

United States Court of Appeals
Ninth Circuit.

May 10, 1961.

Ferguson & Burdell and W. H. Ferguson, Seattle, Wash., for appellants Arnhold et al.

Holman, Mickelwait, Marion, Black & Perkins, Lucian F. Marion, Burroughs B. Anderson, Seattle, Wash., for appellant Rayonier, Inc.

Skeel, McKelvy, Henke, Evenson & Uhlmann, W. R. McKelvy and George Kahin, Seattle, Wash., for appellee Fibreboard Products, Inc.

Wright, Innis, Simon & Todd and Donald A. Schmechel and Roger L. Williams, Seattle, Wash., for appellee Port Angeles R. R.

George Cochran Doub, Asst. U. S. Atty. Gen., Charles P. Moriarty, U. S. Atty., Seattle, Wash., Alan S. Rosenthal and Kathryn H. Baldwin, Attys., Dept. of Justice, Washington, D. C., for appellee United States.

Before POPE, MAGRUDER and MERRILL, Circuit Judges.

MAGRUDER and MERRILL, Circuit Judges.

The several petitions for rehearing are denied.

POPE, Circuit Judge.

I would grant the rehearing sought by the appellees for the purpose of permitting further consideration by the court of a contention made in the petition of the United States which appears to me at this time to be a valid one. The petition of the United States makes two points: the first is that our opinion here is out of line with what was said in this court's earlier opinion when the case was first here. Rayonier Incorporated v. United States, 9 Cir., 225 F.2d 642, 648; Arnhold et al. v. United States, 9 Cir., 225 F.2d 650. In the first of those two opinions language was used to the effect that "liability may not be predicated on conduct occurring before the spread of the fire to the 1600 acre tract." That language was used with respect to the case as it then stood before the court, namely, upon the pleadings only. Subsequently on remand, the case was tried and heard upon a pretrial agreement and order which superseded the prior pleadings; and for that reason I think the point suggesting that we have disregarded the law of the case is not well taken.

However, as our opinion discloses, we had some difficulty in interpreting the findings of the district court and to a degree we modified them or put our own interpretation upon them. Thus we said: "We do not believe that the district judge could have ever intended to make any such finding." Again we said: "In other words, when the district court finds District Ranger Floe to be initially 'negligent', *we take it* he means not negligent in the abstract, but negligent in the sense that such negligence subjected appellants' property to an unreasonable risk of a fire loss. This is what the district judge *seems* to have in mind * * *." (Emphasis mine.) We also said: "But it is perfectly clear from the court's findings that, had the United States not been initially negligent, the Heckelville spot fire would have been extinguished before it finally spread * * *."

Actually the district court said in its findings that although the Forest Service had not exercised reasonable care in its initial attack upon the fire, yet it was not established that "had such negligence not existed the fire would have

been contained in the 60-acre area." It seems to me altogether possible that what the district court found was that although the Forest Service did not use the proper degree of care in fighting the initial fire with as many men and with such vigor as it ought to have done, yet the court found that there was no proof that such failure was actually the cause of the spread of the fire since it was not proven that it might not have spread in any event. See Eckerson v. Ford's Prairie School Dist. No. 11, 3 Wash.2d 475, 482, 101 P.2d 345.

I am therefore of the opinion that in this situation we might well give further consideration to the question whether we ought not to remand the cause to the district court for further clarification of the court's findings. Our interpretation of his findings may possibly be wrong.