# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

2016 APR -4 AM 9:52
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

| | | |
|---|---|---|
| JENNIFER MUSTOE, | ) | No. 74166-7-I |
| Appellant, | ) ) | DIVISION ONE |
| v. | ) ) | |
| XIAOYE MA, an individual adult and ANTHONY JORDAN, an individual adult, | ) ) | PUBLISHED OPINION |
| Respondents. | ) ) | FILED: April 4, 2016 |

SPEARMAN, C.J. — A large portion of the roots from two trees growing on Jennifer Mustoe's property had encroached onto the property of her neighbors, Anthony Jordan and Xiaoye Ma. After Jordan removed the encroaching roots, Mustoe sued her neighbors for damage to the trees and for nuisance. The trial court found, as a matter of law, that Jordan was entitled to remove those portions of roots that had encroached onto Ma's property and that in so doing, he did not owe Mustoe a duty of due care to prevent damage to the trees. Accordingly, it dismissed Mustoe's claims on summary judgment. Mustoe appeals. Finding no error, we affirm.

## FACTS

Jennifer Mustoe purchased the real property located at 109 Raintree Loop, Rainier, Washington in 2006. Her neighbors to the south were Xiaoye Ma

and Anthony Jordan. Ma owned the neighboring property located at 111 Raintree Loop and Jordan resided there with her.

Mustoe had two large Douglas fir trees located entirely on her property, about 2.5 feet from the property line. In October 2013, Jordan dug a ditch on Ma's property along the border of Mustoe's lot. The ditch was 18-20 inches deep. In the process, Jordan exposed and removed the trees' roots, leaving them to extend only 3-4 feet from the trunks. This resulted in a loss of nearly half of the trees' roots, all from the south side, exposing them to southerly winds with no support. The damaged trees posed a high risk of falling onto Mustoe's home. The landscape value of the trees was estimated to be $16,418; the cost of their removal was estimated to be $3,913.

On January 6, 2014, Mustoe filed suit against Ma and Jordan, asserting that Jordan had negligently, recklessly, and intentionally excavated and damaged her trees, along with other property and emotional distress damages. The parties brought cross motions for summary judgment. On December 5, 2014, the trial court granted Ma and Jordan's motion and dismissed Mustoe's claims. Mustoe appeals.

## DISCUSSION

We review summary judgment de novo. Smith v. Safeco Ins. Co., 150 Wn.2d 478, 483, 78 P.3d 1274 (2003). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. CR 56(c). By filing cross motions for summary

judgment, the parties concede there were no material issues of fact. Tiger Oil Corp. v. Dep't of Licensing, 88 Wn. App. 925, 930, 946 P.2d 1235 (1997). Mustoe acknowledges the law in Washington that an adjoining landowner can engage in self-help and trim the branches and roots of a neighbor's tree that encroach onto his or her property. Indeed, both parties cite Gostina v. Ryland, 116 Wash. 228, 199 P.298 (1921), which specifically held that in such circumstances the adjoining owner's remedy "is to clip or lop off the branches or cut the roots at the [property] line." Id. at 233 (quoting 1 C.J. Adjoining Landowners § 94, at 1233 (1914)). But Mustoe argues that the Gostina court "also acknowledged that the right to self-help does not extend to removing the tree itself." Br. of Appellant at 6. From this, she reasons that Gostina "does not immunize a landowner against liability for damage to the trimmed trees" and argues that, as a matter of first impression, we should hold that in exercising self-help, a "landowner owes a duty of care to prevent damage to the trees themselves . . . ." Id. We disagree and decline to extend Washington law as Mustoe proposes.

Mustoe argues that while Gostina sets forth the right of self-help, it also recognizes a duty to act in good faith and to act reasonably so as not to cause damage to the non-encroaching portions of the trees. In support of the argument, she cites the Gostina court's quotation from Wood on Nuisances (3d Ed.) § 108. The treatise states:

> Trees whose branches extend over the land of another are not nuisances, except to the extent to which the branches overhang the adjoining land. To that extent they are technical nuisances, and the person over whose land they extend may cut them off, or have his

action for damages, if any have been sustained therefrom, and an abatement of the nuisance against the owner or occupant of the land on which they grow; but he may not cut down the tree, neither can he cut the branches thereof beyond the extent to which they overhang his soil.

Gostina, 116 Wash. at 232. Instead of supporting her position, however, the quoted passage merely affirms that an adjoining landowner may trim only those branches or roots that encroach on his own property. The passage neither asserts nor implies that in so doing the landowner owes a duty to act in good faith or reasonably to prevent damage to the trees.

Mustoe also cites Sandberg v. Cavanaugh Timber Co., 95 Wash. 556, 561, 164 P. 200 (1917) for the proposition that "[i]t is now generally recognized that each member of society owes a legal duty, as well as a moral obligation, to his fellows. He must so use his own property as not to injure that of others." Br. of Appellant at 6. But the case is inapposite. In Sandberg, a timber company was engaged in logging operations on its own property. While so engaged, one of its machines started a fire which spread some two miles to Sandberg's property where it caused considerable damage. Sandberg sued the timber company and the jury found in her favor awarding damages. The timber company appealed. In rejecting the appeal, the court cited with approval numerous cases from other states which held to the effect that there is a duty to use reasonable care to prevent the spread of a fire from one's own property to that of another. Sandberg, at 560-61. The circumstances in Sandberg are in no manner analogous to the circumstances presented in this case. A duty to prevent the spread of fire to a neighboring property in no way implies a duty that attends to the exercise of self-

4

help to defend against encroaching roots or branches. The case is of no help in resolving the issue before us.

Mustoe next argues that under state law, each member of society owes a broader legal duty to his fellow citizens and must not use his own property to the injury of others. Mustoe cites an exception to the common enemy doctrine in water trespass cases as an example of this duty. Currens v. Sleek, 138 Wn.2d 858, 861-62, 983 P.2d 626 (1999).

The common enemy doctrine allows landowners to dispose of unwanted surface water in any way they see fit, without liability for resulting damage to one's neighbor. "The idea is that 'surface water... is regarded as an outlaw and a common enemy against which anyone may defend himself, even though by so doing injury may result to others.'" Id. at 862 (quoting Cass v. Dicks, 14 Wash. 75, 78, 44 P. 113 (1896)). In Currens, the court adopted the due care exception, under which "a landowner will be shielded from liability only where the changes in surface water flow are made both in good faith and in such a way as not to cause unnecessary damage." Id. at 868. The "duty of due care" "serves to cushion the otherwise harsh allocation of rights under the common enemy doctrine," which would otherwise allow unlimited self-help against surface waters regardless of any damage to neighboring property." Id. at 864. Mustoe analogizes and argues that a landowner's right to self-help against encroaching roots and branches should be cushioned by a duty of due care to prevent damage to the neighbor's trees themselves. But she cites no authority, from this or any other jurisdiction, for extending this exception to apply to anything other than surface water issues.

Additionally, in our view, any such analogy between Mustoe's tree roots and surface water as a "common enemy" is inapt. Surface water is a common enemy precisely because it is a force of nature which may indiscriminately affect any landowner. As such, each landowner may defend against it so long as he or she does not do so in a manner that unnecessarily redirects the wrath of the common enemy upon a neighbor.[1] Unlike surface water, tree roots and branches are not a force of nature which indiscriminately wreak havoc among adjoining landowners. Instead, they are an encroachment upon the land of one's neighbor. Mustoe's argument that tree roots should be treated like surface water is unpersuasive.

Mustoe also relies heavily on two cases from other jurisdictions, but neither is persuasive. In Booska v. Patel, 24 Cal. App.4th 1786, 30 Cal.Rptr.2d 241 (1994), on facts nearly identical to those in this case, the trial court dismissed the plaintiff's claims on summary judgment. The appellate court reversed stating that "whatever rights Patel has in the management of his own land, those rights are tempered by his duty to act reasonably." Id. at 1791. Similarly, in Fliegman v. Rubin, 1 Misc.3d 127(A), 781 N.Y.S.2d 624, 2003 NY Slip Op 51542 (App. Div.), the court, citing Booksa with approval, reversed the trial court's summary dismissal of plaintiff's claims for damages to his trees allegedly resulting from the defendant's severance of roots that had encroached

---

[1] "When determining liability under the common enemy doctrine, the due care exception requires the court to look only to whether the landowner has exercised due care in improving his or her land, i.e., whether the method employed by the landowner minimized any unnecessary impacts upon adjacent land." Currens, 138 Wn.2d at 866.

6

on to his property.[2] The court held there was an issue of fact as to whether severance of the trees roots damaged plaintiff's trees because "the right to self-help is limited, in that an adjoining landowner's right to engage in self-help 'does not extend to the destruction or injury to the main support system of the tree . . . .'" Id. at 2 (quoting 1 N.Y. Jur 2d, Adjoining Landowners § 57).

But Booksa and Fliegman appear to be outliers, a fact noted by the most recent court to consider the issue. In Alvarez v. Katz, 124 A.3d 839 (2015), the trial court relied on Booksa and Fliegman to impose a duty to act reasonably in exercising the self-help remedy. On appeal, the Vermont Supreme Court rejected both cases, holding that the "right to cut encroaching trees where they enter the land of another, without regard to the impact on the encroaching tree by such cutting, is well established under Vermont law." Id. at 843. The court further observed that "[w]hile courts have imposed limitations in a few cases, the [general] rule enjoys extremely widespread support." (Citations omitted). We likewise are persuaded that the law in Washington, as set out in Gostina, is consistent with the general rule and reject Mustoe's invitation to hold otherwise.

Mustoe contends that her nuisance action is viable because Jordan's excavation and removal of tree roots was unreasonable in relation to the harm it caused to her trees. She argues that the question of whether his actions were reasonable is at least a question of fact for the jury.

---

[2] We note that Fliegman is an unreported decision but because it may be cited under the rules of New York State, Mustoe properly cites it here under GR 14.1(b). See Eaton v. Chahal, 146 Misc.2d 977, 983, 553 N.Y.S. 2d 642, 646 (1990) (unreported decisions from intermediate appellate courts are entitled to respectful consideration but are not binding precedent).

A nuisance is an unreasonable interference with another's use and enjoyment of property. Kitsap County v. Allstate Ins. Co., 136 Wn.2d 567, 592, 964 P.2d 1173 (1998). RCW 7.48.010 defines an actionable nuisance for which damages and other relief are available as "whatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property. . . ." In a nuisance case, the fundamental inquiry concerns whether the use of certain land can be considered reasonable in relation to all the facts and circumstances. Riblet v. Spokane-Portland Cement Co., 41 Wn.2d 249, 254, 248 P.2d 380 (1952), overruled on other grounds by Bradley v. Am. Smelting & Ref. Co., 104 Wn.2d 677, 709 P.2d 782 (1985). When applying the nuisance doctrine, a court balances the rights, interests and convenience unique to the case. Id.

Jordan argues that Mustoe has no action for nuisance because she has no legally recognized right. (Citing Collinson v. John L. Scott, Inc., 55 Wn. App. 481, 778 P.2d 534 (1989)). In that case, one set of neighbors brought an action against the other for building a condominium that blocked their western view. Id. at 482. The court found that the plaintiffs had no right to bring a nuisance action because they "did not possess any easement of light, air, or view, nor do they possess any legal cause for complaint or interference therewith by the lawful erection of a building on respondents' property." Id. at 488 (citing Wolf v. Forcum, 130 Ind.App. 10, 161 N.E.2d 175, 178 (1959)). We agree. Mustoe has not established that she has any legal cause for complaint or interference with the lawful removal of the roots on Ma's property.

8

Mustoe correctly argues, however, that even if Jordan acted lawfully in severing the tree roots, however, he may still commit a nuisance if in so doing he unreasonably interfered with her use and enjoyment of her property. Tiegs v. Watts, 135 Wn.2d 1, 13, 954 P.2d 877 (1998).[3] But Mustoe's nuisance claim still fails because in Washington, "a 'negligence claim presented in the garb of nuisance' need not be considered apart from the negligence claim." Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 527, 799 P.2d 250 (1990). Where the alleged nuisance is a result of the alleged negligent conduct, the rules of negligence are applied. Id. Here, Mustoe's nuisance claim arises from Jordan's actions that damaged the trees; the nuisance is the result of his alleged breach of duty. Because Mustoe's negligence claim fails,[4] the trial court correctly dismissed her nuisance claim.

Finally, Mustoe argues she is entitled to damages under the timber trespass statute, RCW 64.12.030. The statute reads "[w]henever any person shall cut down, girdle, or otherwise injure, or carry off any tree,… timber, or shrub on the land of another person,… without lawful authority, in an action by the person, city, or town, against the person committing the trespasses or any of them, any judgment for the plaintiff shall be for treble the amount of damages

---

[3] "A lawful business is never a nuisance per se, but may become a nuisance by reason of circumstances. A person who conducts a business or a plant lawfully and in the best manner practicable with a sound operation may still commit a nuisance if the operation interferes unreasonably with other persons' use and enjoyment of their property." Tiegs v. Watts, 135 Wn.2d at 13. (Footnotes omitted).

[4] Jordan also argues that a nuisance claim cannot be based on a single act, citing out-of-state case law as authority. Washington courts have not yet addressed whether one act may constitute a nuisance. We do not reach that issue, however, in light of our conclusion that because Mustoe's nuisance claim sounds in negligence it need not be considered separately.

claimed or assessed." RCW 64.12.030. By its own terms, the statute only applies to persons acting without lawful authority. Because Mustoe has not shown that Jordan acted unlawfully when he removed roots that encroached onto Ma's property, the claim fails.

Affirmed.

WE CONCUR:

Specimen, C.J.

Cox, J.