IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STEPHEN V. RISO and LAUREN E. HULBERT, husband and wife, | ) ) ) ) | No. 80457-0-I |
| Respondents, | ) ) | |
| v. | ) ) | |
| WILMA BOYD, an individual, | ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) ) | |

VERELLEN, J. — A tree straddling the property line of adjoining landowners may be a "boundary tree" co-owned by the landowners. But a tree that is entirely within the boundary line of one property is not a boundary tree, and the owner of the property has the right to remove it. The mere presence of a fence that bisects the tree is of no consequence.

Because the large cedar tree in dispute is entirely within the boundaries of Stephen Riso and Lauren Hulbert's property, they have the exclusive right to remove the tree. And because they own the tree, their claim against Wilma Boyd for nuisance based on damage caused by the tree necessarily fails.

Therefore, we affirm the declaratory and injunctive relief granted to ensure Riso and Hulbert's ability to remove the tree without interference but reverse the money judgment against Boyd for damages based on nuisance.

FACTS

Stephen Riso and Lauren Hulbert are married and are neighbors of Wilma Boyd. Their properties share a common boundary line. There is a fence, but it is not on the property line. A large western red cedar tree bisects the fence.

Initially, Riso, Hulbert, and Boyd all believed that the tree was a "boundary tree" shared equally between them. In 2014, Riso and Hulbert started discussing the tree's removal with Boyd because it was damaging their property. Boyd refused to consent to the tree's removal, believing it was partially on her property.

However, on July 3, 2018, a survey revealed that the tree was entirely on Riso and Hulbert's property. Later that month, Riso and Hulbert sued Boyd for nuisance and declaratory and injunctive relief.[1] Riso and Hulbert filed a motion for partial summary judgment on the issues of nuisance and declaratory and injunctive relief. The trial court granted summary judgment in favor of Riso and Hulbert.

A commissioner granted Boyd's motion for discretionary review.

---

[1] Riso and Hulbert also sued Boyd for negligence and breach of contract. But those claims were not included in their motion for summary judgment and are not at issue on appeal.

<u>ANALYSIS</u>

Boyd contends that the trial court improperly granted summary judgment in favor of Riso and Hulbert because there was a genuine issue of material fact whether the tree was a "boundary tree."

We review an order granting summary judgment de novo.[2] Summary judgment is appropriate only "'where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[3] We view the evidence in the "light most favorable to the non-moving party."[4] "The party opposing a motion for summary judgment may not rely on speculation, on argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value."[5] "The nonmoving party must set forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists."[6] "Ultimate facts or conclusions of fact are insufficient; conclusory statements of fact will not suffice."[7]

---

[2] <u>Seiber v. Poulsbo Marine Ctr., Inc.</u>, 136 Wn. App. 731, 736, 150 P.3d 633 (2007).

[3] <u>Id.</u> (quoting CR 56(c)).

[4] <u>Loeffelholz v. Univ. of Wash.,</u> 175 Wn.2d 264, 271, 285 P.3d 854 (2012).

[5] <u>Seiber</u>, 136 Wn. App. at 736.

[6] <u>Id.</u>

[7] <u>Id.</u>

"'[A] tree, standing directly upon the line between adjoining owners, so that the line passes through it, is the common property of both parties.'"[8] If both parties own the tree, each party has an interest in the tree that is proportionate to the portion of the tree trunk growing on each property.[9]

But here, Riso's declaration and attached exhibits establish that the tree was entirely on their side of the property line. The survey unambiguously recites that the tree is a "Cedar Tree West of Property Line."[10] The legal question of who must consent to commence a lawful removal of the tree turns on who owns the tree.[11] Because the survey revealed that the tree was entirely on Riso and Hulbert's property, Riso and Hulbert exclusively own the tree and are entitled to remove it.

Boyd initially disputes the accuracy of the survey. She argues that the "irregular shape" used on the survey to demonstrate the location of the tree does not clearly show that the tree is entirely on the Riso and Hulbert side of the property line. But Boyd presented no evidence on summary judgment to support her assertion that the July 3, 2018 survey was vague. Thus, her

---

[8] Herring v. Pelayo, 198 Wn. App. 828, 836, 397 P.3d 125 (2017) (alteration in original ) (quoting Happy Bunch, LLC v. Grandview N. LLC, 142 Wn. App. 81, 93, 173 P.3d 959 (2007)).

[9] Happy Bunch, 142 Wn. App. at 93. In Happy Bunch, this court rejected the rule adopted by some states that "absent a showing of an agreement to the contrary, a boundary line tree belongs entirely to the party on whose land the tree was originally planted, with damages calculated accordingly." Id. at 92.

[10] Clerk's Papers (CP) at 55.

[11] RCW 64.12.035; RCW 64.12.030; Mustoe v. Ma, 193 Wn. App. 161, 164-68, 371 P.3d 544 (2016).

assertion is pure speculation rather than a reasonable inference that the survey is unclear.

Boyd also contends that the other portions of Riso's declaration, such as the evidence from the arborists' recounting the tree's diameter and the aerial photos, allow a reasonable inference that the property line "goes more or less through the middle of the tree."[12] But those arguments are not persuasive. Again, Boyd presented no evidence on summary judgment to support her assertion that the arborists' used the property line interchangeably with the "fence line." And because the mere presence of a "fence line" here is not germane to who owns the tree, references to the tree straddling the "fence line" are not material. Further, references to the tree as a "boundary tree" made by Riso, Hulbert, and their counsel were all made prior to the July 3, 2018 survey. These references are not determinative of where the tree is actually located or of who owns the tree.

Boyd contends that if the tree is entirely on Riso and Hulbert's property, then no nuisance exists because there is no need for Boyd to agree to removal of the tree. As discussed, the tree is entirely on Riso and Hulbert's property, so they own the tree. And, as the owners, Riso and Hulbert are entitled to remove the tree subject to any City of Seattle regulations.[13]

---

[12] Appellant's Br. at 13.

[13] RCW 64.12.035; RCW 64.12.030; Mustoe, 193 Wn. App. at 164-68.

But Riso and Hulbert provide no authority that Boyd can be liable for nuisance for damages caused by the tree they own. They fail to establish that Boyd's refusal to consent to removal of the tree is actionable when she has no ownership interest. The undisputed facts do not support a granting of summary judgment in favor of Riso and Hulbert on their nuisance claim.

Boyd argues that Riso and Hulbert are not entitled to injunctive and declaratory relief because such relief is "neither necessary [nor] proper."[14]

An injunction can be granted when "it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief . . . consists in restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce great injury to the plaintiff."[15] "Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper."[16]

Here, even though Riso and Hulbert own the tree and have the right to remove the tree, the exhibits attached to Riso's declaration demonstrate Boyd's unwillingness to cooperate with the tree's removal. As a result, the court granted declaratory and injunctive relief that "[Riso and Hulbert] may remove the [ ] tree at their own expense and [Boyd] is prohibited from taking any action to delay or prevent removal of the [ ] tree."[17] The undisputed facts support

---

[14] Appellant's Br. at 17 (quoting RCW 7.24.080).

[15] RCW 7.40.020.

[16] RCW 7.24.080.

[17] CP at 186.

summary judgment in favor of Riso and Hulbert on their claim for declaratory judgment and injunctive relief.[18]

Therefore, we affirm the partial summary judgment as to declaratory and injunctive relief, allowing Riso and Hulbert to remove the tree and precluding Boyd from interfering with that removal.  But we reverse the partial summary judgment as to nuisance granting money damages in favor of Riso and Hulbert.

We affirm in part and reverse in part.

_____

WE CONCUR:

_____     _____

---

[18] Boyd also argues that the trial court erred in granting Riso and Hulbert's counsel more time at oral argument on their motion for summary judgment.  But because our review on a motion for summary judgment is de novo and he fails to establish any prejudice from the time limits imposed, this issue does not support any relief on appeal.